COLLOTON, Circuit Judge,
concurring in the judgment.
The apparent contradictions in this case are troubling. Michele Walker could satisfy her student loan debt of $283,354.50 by making monthly payments of $593.98 under the Department of Education’s Income Contingent Repayment Plan (“ICRP”). See Educ. Credit Mgmt. Corp. v. Jesper-son (In re Jesperson), 571 F.3d 775, 782 (8th Cir.2009). At the same time, she and her family are making monthly payments of $850 on her husband’s purchase of a new 2007 Chevrolet Suburban with leather seats and a DVD player, at a cost of approximately $40,000. See Walker v. Sallie Mae Servicing Corp. (In re Walker), 406 B.R. 840, 857 & n. 33 (Bankr.D.Minn. 2009). The Walkers also make monthly payments of $224.11 for that portion of a $50,000 second mortgage loan that they used to build a sixteen-by-twenty-two-foot screened deck onto their house. See id. at 857; R. Doc. 27, at 4. In total, the Walkers are paying $1074.11 monthly for the SUV and deck addition. Without those expenses, the same amount of funds would allow Walker to meet her student loan obligation under the ICRP, with $480.13 per month to spare. Yet the court concludes that even if the Walkers “had chosen a more modest vehicle or had not added a deck to the home, it is unrealistic to expect that Walker could meet her minimum ICRP payment of $593.98 in light of the monthly household deficit in excess of that amount.” Ante, at 1234. How can that be?
Educational Credit Management Corporation cries foul, but ECMC’s own stipulations and forfeited objections in the bankruptcy court are the source of its problem. Although it seems that the Walkers must be getting money from somewhere to pay $1074.11 per month for a new vehicle and a second mortgage, ECMC stipulated that the family’s total adjusted gross income was $5636.58 per month in 2007, R. Doc. 27, at 4, and raised no objection to any other expenses on the monthly budget submitted by the Walkers. 406 B.R. at 856 & n. 31; see App. 101. Thus, even correcting for the errors of the bankruptcy court and the Bankruptcy Appellate Panel in conflating adjusted gross income and gross income, ante, at 1232-33, and giving the benefit of the doubt to ECMC that the BAP may have double-counted payroll deductions, ante, at 1232-33, the stipulations and unchallenged numbers still result in a calculation that supports the discharge. If the SUV and mortgage payments attributable to the deck are excluded entirely, the Walkers have left-over income of $425.69 per month, which falls short of the minimum ICRP payment of $593.98. Without the help of the ICRP (which would permit cancellation of debt amounting to $105,160.50 plus interest after twenty-five years, see 34 C.F.R. § 685.208(k)(l), § 685.209(c)(4)(i)), it is hard to see how Walker ever could repay the student loans, and why the “fresh start” permitted by discharge should not apply. Cf. Jesperson, 571 F.3d at 782.
The Bankruptcy Appellate Panel declined to decide whether the bankruptcy court erred in concluding that the purchase of the SUV and the deck addition were reasonable and necessary expenses, see 427 B.R. at 487, and this court reserves *1236 judgment on that question as well. Ante, at 1234-35. In view of the income and expenses figures for 2007 that were established by ECMC’s litigating positions in the bankruptcy court, and properly considered by the court, see ante, at 1228-32, I concur in the judgment.